[No. 11703.   Department Two. — April 16, 1889.]

## UPPER SAN JOAQUIN IRRIGATING CANAL COMPANY, RESPONDENT, *v.* PHILIP A. ROACH, ADMINISTRATOR ETC. OF WILLIAM SCHLEY, DECEASED, APPELLANT.

RESCISSION OF SALE — RETURN OF PROPERTY. — A party cannot defeat an action on a note given for the price of goods on the ground of rescission of the sale for misrepresentations, unless he has returned or offered to return the property sold.

COVENANT NOT TO SUE — CONSIDERATION — RELEASE. — A covenant not to sue cannot operate as a release or otherwise, unless it had a consideration. The provision of section 1541 of the Civil Code, that a written release is good without a consideration, applies only to formal releases purporting to be such, and not to things which might operate as such in a roundabout way.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Charles J. Swift,* and *Wright & Cormac,* for Appellant.

The circumstances and representations attending the giving of the note render it fraudulent. (*Redgrave v. Hurd,* L. R. 20 'Ch. D. 13; *Polhill v. Walker,* 3 Barn. & Adol. 114; *Peck v. Gurney,* L. R. 6 H. L. 409; *Langridge v. Levy,* 2 Mees. & W. 519; Civ. Code, secs. 1572, 1573; Story's Eq. Jur., sec. 186; *Brady v. Bartlett,* 56 Cal. 365.) The resolution of the directors is a covenant not to sue, and the equivalent of a release. (*Harvey v. Harvey,* 3

Ind. 473; *Eagle Ins. Co.* v. *Lafayette Ins. Co.*, 9 Ind. 443; *Shed* v. *Pierce*, 17 Mass. 627; *Hastings* v. *Dickinson*, 7 Mass. 155; 5 Am. Dec. 34; *Stebbins* v. *Niles*, 25 Miss. 268; *Girard* v. *Whiteside*, 13 Ill. 8; *Cuyler* v. *Cuyler*, 2 Johns. 187.)

*Page & Eells*, for Respondent.

No fraud could justify the defendant's testator in keeping the stock, and at the same time refusing to pay for it. (*Gifford* v. *Carvill*, 29 Cal. 589; *Blen* v. *B. R. & A. W. M. Co.*, 20 Cal. 602; 81 Am. Dec. 132; *Fitz* v. *Bynum*, 55 Cal. 459; *Upton* v. *Englehart*, 3 Dill. 496.) The mere expression of an opinion, however erroneous it is afterwards shown to be, is not a fraudulent representation. (*Gordon* v. *Butler*, 105 U. S. 557; *Holbrook* v. *Conner*, 60 Me. 578; 11 Am. Rep. 212; *Rendell* v. *Scott*, 70 Cal. 514.)

HAYNE, C. — Action upon a promissory note; judgment for plaintiff; defendant appeals.

The material facts are as follows: The plaintiff, being in need of money to complete its canal, sent its president to New York to sell some of its stock. He sold some stock to the defendant's intestate, and took the note sued on in payment. It is claimed that at the time of the sale the president represented to the vendee that the canal could be completed for fifty thousand dollars, when, as a matter of fact, more than three hundred thousand dollars was required to complete it. The evidence shows that some sort of representation was made to the vendee. The president (whose testimony is relied on by the defendant to make out his case) so states. But he says in one place: "I expressed to him that *in my opinion* it would not cost over fifty thousand dollars. I did not bind myself that it would not, and it was with that, the understanding that it would not cost fifty thousand dollars, that he went into the enterprise." In

another place he says: "We said it would cost *probably* less than fifty thousand dollars." The representation was made in perfect good faith. Everybody supposed at that time that the canal could be completed for the sum mentioned. The increased cost resulted from unforeseen difficulties arising from the nature of the soil. The position is, that there was a misrepresentation as to a material matter.

But if it be assumed in favor of the defendant, for the purposes of this opinion only, that there was such a misrepresentation as entitled the vendee to some relief, such relief could consist only in damages for the misrepresentation, or in the rescission of the contract. No question as to such damages arises in the case, because no counterclaim was set up. We do not intend by this to say that the relief could be had by way of counterclaim. It is sufficient for present purposes that nothing of the kind was attempted. And the vendee did not elect to rescind. He kept the stock after being informed of the true state of the case. And after it was sold for assessments, his administrator brought an action to recover its value from the company, which action was pending at the time of the trial herein. It is perfectly clear that a misrepresentation does not enable the vendee to keep the thing sold and avoid paying what he agreed to pay for it. If he wishes to avoid paying, he must rescind the contract and return the property (if it have any value) within a reasonable time after becoming aware of the truth. (*Gifford* v. *Carvill*, 29 Cal. 589; *Fitz* v. *Bynum*, 55 Cal. 459.)

It is contended, in the next place, that the plaintiff gave to the defendant a release of the obligation. What is claimed to constitute a release consists in the following: At a meeting of the plaintiff's board of directors the following resolution was passed, viz.:—

"*Resolved*, That in the opinion of this board the note of William Schley is worthless, and that no proceeding

to collect the same by law shall be commenced or authorized by this company against the said Schley, and that he be notified of this action by the board."

Upon the passage of this resolution, the secretary of the company sent the following telegram to Schley:—

"We got possession of the board yesterday, and passed resolution that no proceedings should be taken against you on your note. All trouble orignated from Perrin refusing to betray you. Party leaves this week to look at Alta, Holland, and Pool mines.

(Signed)                              "B. B. MINOR."

The argument is, that the foregoing amounts to an agreement not to sue, and that an agreement not to sue operates as a release. But assuming in favor of the defendant that the resolution is not the mere expression of the company's intention, but contains words of promise or obligation, it cannot operate as an agreement not to sue, because there was no consideration for it.

The want of consideration is not obviated by section 1541 of the Civil Code. That section provides that "an obligation is extinguished by a release thereof given to the debtor by the creditor upon a new consideration, or in writing, with or without new consideration." We think that this provision applies to express releases, given with intent to extinguish the obligation, and not to things which might have that result in a roundabout way. In dispensing with a consideration, the legislature dispensed with the substance of the transaction. And we do not think it ought to be assumed, in the absence of language to that effect, that the intention was to dispense with both form and substance. The resolution, therefore, cannot operate as a release within the meaning of the section, because it does not purport to be a release. And as above stated, it cannot operate as a covenant not to sue, because there was no consideration.

The other matters do not require special notice.

We therefore advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.