[L. A. No. 199.  In Bank.—June 23, 1898.]

THOMAS L. ROGERS et al., Appellants, v. WARREN C. KIMBALL et al., Respondents.

CONTRACT FOR INDEMNITY—FAILURE OF CONSIDERATION.—In an action upon a contract of the defendants to indemnify the plaintiffs, husband and wife, against liability upon a promissory note executed jointly by plaintiffs and defendants, where the court found upon the issues joined by the pleadings that the husband was the principal debtor, and that his wife and the defendants were his sureties, and that the sole consideration for the contract to indemnify the plaintiffs was a promise of the husband to convey to the defendants an interest in a Mexican concession for a railroad, but the conveyance was never made, and that there was a failure of consideration for the contract of indemnity, there being sufficient evidence to support the findings, judgment for the defendants was rightly rendered, and must be affirmed upon appeal.

ID.—CONSIDERATION FOR WIFE'S SIGNATURE—CONFLICTING EVIDENCE—VARIANCE.—The court was not bound to find that the consideration for the wife's signature to the note was the promise of the defendants that an agreement of indemnity would be executed by the defendants, merely because of her testimony to that effect, where there is conflicting evidence in the record, and her evidence is at variance with the allegations of her complaint and with the recitals of the instrument containing the agreement for indemnity.

ID.—GROUNDS OF RECOVERY NOT PLEADED—ESTOPPEL—FINDINGS.—Plaintiffs were bound to establish their case as alleged, and cannot rely upon an estoppel, or any other ground of recovery not pleaded; and where the evidence did not warrant a recovery under the facts averred, and no request was made for leave to amend the pleadings to conform to facts proved so as to authorize a recovery upon another theory, the findings against them will not be disturbed because upon a different state of the pleadings plaintiffs might have been entitled to recover.

ID.—RELEASE—CONSIDERATION—CONSTRUCTION OF CODE.—The contract of the defendants, as joint makers of the note with the plaintiffs, to indemnify the plaintiffs and release them from liability thereon, did not operate as a release, so as to be effective without a consideration.

Section 1541 of the Civil Code has application only to instruments which by their terms purport to be formal and express releases, given with intent to extinguish the obligation, and does not include instruments which might have that effect indirectly, but which on their face purport to give a right upon which an affirmative action would lie.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. George Puterbaugh, Judge.

The facts are stated in the opinion of the court.

David L. Withington, Works & Works, and Withington & Carter, for Appellants.

William J. Hunsaker, McDonald & McDonald, M. A. Luce, and N. H. Conklin, for Respondents.

VAN FLEET, J.—Appeal by the plaintiffs from a judgment in favor of defendants and from an order denying a new trial. The action is by and on behalf of Ella S. Rogers, the real party in interest, joining with her Thomas L. Rogers, her husband, to recover upon a certain contract of indemnity, set forth in the complaint. The complaint, after alleging the death of James S. Gordon, and the appointment of the defendant Jessie Gordon Whittlesey as administratrix of his estate, alleges in substance that on February 25, 1882, the plaintiffs and the defendants, Warren C. Kimball and Moses A. Luce, and said James S. Gordon, executed their promissory note for ten thousand dollars, payable to the order of the Consolidated Bank of San Diego six months after date, with interest, and that said bank afterwards indorsed said note to Bryant Howard; that plaintiff Ella S. Rogers signed said note at the request and for the accommodation of said Kimball, Luce, and Gordon; that on February 27, 1882, plaintiff Thomas L. Rogers conveyed and caused to be conveyed to said Luce, Kimball and Gordon a one-fifth interest in and to a certain concession made by the Mexican government of the right to construct a railroad to be known as the "Sonora and Baja California Railroad," and that in consideration of said conveyance said Luce, Kimball and Gordon executed and delivered an agreement in writing, of which the following is a copy:

"We, the undersigned, for and in consideration of a convey-ance to us, of even date herewith, of a one-fifth interest in and to the concession by the government of Mexico of the right to construct a railroad to be known as the Sonora and Baja California Railroad, do hereby assume all responsibility for the payment in full of a note of date February 25, A. D. 1882, made to the Consolidated Bank of San Diego, and signed by the undersigned, together with Thomas L. Rogers and Ella S. Rogers; hereby releasing from any payment thereon, as joint or several payors, the said Thomas L. Rogers and Ella S. Rogers; and hereby agreeing with the said Thomas L. Rogers and Ella S. Rogers to indemnify them in full for any loss or damage they may in any manner sustain on account of said note. Witness our hands this 27th day of February, A. D. 1882.

> "WARREN C. KIMBALL,
> "JAMES S. GORDON,
> "MOSES A. LUCE."

And thereby agreed to and did release the plaintiffs from said note; that the said defendants and the said Gordon have paid no part of said note, except the sum of $3,333.33 paid by said Kimball; that said Howard, to whom said note had been transferred by the bank, on the fifteenth day of May, 1886, brought suit thereon against the plaintiffs herein, Thomas L. Rogers and Ella S. Rogers, and obtained judgment against them on the fourteenth day of March, 1889, for the sum of $7,019 damages and $63.12 costs; that on February 20, 1893, an execution thereon was issued, and on February 24, 1893, the plaintiff, Ella S. Rogers, paid out of her separate property, in full satisfaction of said judgment and execution, the sum of $7,100; that the plaintiffs are husband and wife; that Ella S. Rogers has demanded payment from the defendants of said sum, but no part of it has been paid, and judgment therefor in her favor is demanded.

The defendants Moses A. Luce and Jessie Gordon Whittlesey filed a joint answer in which they deny that Mrs. Rogers signed said note for their accommodation, or at their request, and allege that defendants signed said note at the request and for the benefit of plaintiffs; deny that Thomas L. Rogers conveyed, or caused to be conveyed, said concession, or that in consideration of such conveyance they executed the agreement of indemnity

set out in the complaint; deny for want of information the allegations touching the judgment and execution and its satisfaction. For a second defense they allege that at the time they executed said indemnity agreement Thomas L. Rogers agreed to convey to Kimball, Luce, and Gordon a one-fifth interest in said concession, and that said agreement to convey said interest was the consideration for the execution of the indemnity agreement by Kimball, Luce, and Gordon, and that Rogers never did convey, or cause to be conveyed, said interest; and upon information and belief allege that Rogers never had or owned, or could convey, any interest in said concession, whereby the consideration for their execution of the indemnity agreement wholly failed, and aver that they received no consideration whatever for the execution of said agreement. They also pleaded that plaintiff's cause of action was barred by section 337 of the Code of Civil Procedure. Defendant Kimball answered separately, making substantially the same defense, so far as material to be considered, as that made by his codefendants.

The court found that the plaintiff Ella S. Rogers did not sign the note for the accommodation and at the request of the defendants, or either of them, but that she and the defendants signed at the request of the plaintiff Thomas L. Rogers; that said T. L. Rogers thereafter promised and agreed to convey, and cause to be conveyed, a one-fifth interest in the Mexican concession, and upon this consideration, and no other, the defendants executed the agreement sued upon, and that the plaintiff Thomas L. Rogers did not convey, or cause to be conveyed, said interest; that the plaintiffs did not, nor did either of them, pay or give any consideration whatever for the execution of said instrument; and it further found that prior to the nineteenth day of January, 1889, the note was fully paid and discharged. Upon these findings judgment was entered in favor of the defendants.

The appeal is based upon the one ground that the findings are not sustained by the evidence. Several of the findings are attacked by the specifications, but the material question in the case is, whether the evidence warrants the finding of a failure or want of consideration for the contract sued on, since if it does the judgment must stand. It is against this finding that the

main effort of appellants is directed; but the assault proceeds upon lines largely, if not wholly, at variance with the case made by the complaint, and which the defendants were called upon to meet.

It is contended that the evidence shows without conflict that the plaintiff Ella S. Rogers was induced to sign the note in question by the promise of Luce, Kimball and Gordon to thereafter sign the indemnity agreement, and thereby hold her harmless from liability on the note; that this promise was a valuable consideration moving between her and the defendants, and that it is therefore immaterial as to her rights in the premises whether the consideration for the contract, as between her husband and defendants, failed or not; that when defendants executed the contract of indemnity they became liable upon the original promise, and are now estopped to deny that her signature to the note was given for a valid and binding consideration. Not only is this proposition not in line with the theory of the plaintiff's case as made by the complaint, but it rests for its foundation upon the assumption of appellants that the evidence of Ella S. Rogers, as to the circumstances under which she signed the note and the causes inducing her thereto, stands uncontradicted, which very clearly appears from the evidence in the record is not the fact. Mrs. Rogers testified upon this point as follows: "The circumstances under which I signed the note of February 25, 1882, were as follows: Mr. Rogers told me that the defendants wished to borrow ten thousand dollars of the bank, and the bank would let them have the money if we would sign the note, and that the defendants would give us an agreement of indemnity. Upon this security I was willing and did sign the note at the request of Mr. Rogers and for the accommodation of the defendants, as I have stated. None of the defendants signed at my request or as sureties for me. I know nothing of the conveyance of the concession. I know nothing of the signing of the agreement or the conveyance of the concession. I saw the agreement after it was signed, and am positive that I saw the agreement of indemnification before I signed the note, but it was not then signed by the defendants. I was told that it would be signed by them if I signed the note. That is all I know about it."

This was the sum and substance of Mrs. Rogers' testimony.

The evidence on behalf of the defendants, however, was positive to the fact that Luce, Kimball, and Gordon signed the note only for the accommodation of Thomas L. Rogers, and that the question of defendants taking an interest in the Mexican concession was never suggested or broached at all until a day or so subsequent to the execution of the note. If this was so, it tended directly to negative the testimony of Mrs. Rogers. If the sale of the interest in that concession had not been proposed at the time she signed the note, the inference would be inevitable that the indemnity agreement had not at that time been drawn or thought of, since that instrument recites and the complaint alleges that the only consideration for its execution was the conveyance of such interest; and if the agreement had not been then drafted or thought of, it could not, as stated by Mrs. Rogers, have been exhibited to her before or at the time she signed the note, nor, in the nature of things, could it be at all probable that her signature to the note was induced by the promise that such an instrument would be given. Moreover, her evidence is at variance with the allegations of her complaint, and with the recitals of the instrument itself, which latter refers to the note as executed two days before and as signed by Ella S. Rogers.

It cannot be said, therefore, that the evidence of Mrs. Rogers as to the considerations which induced her to sign the note was uncontradicted, and that the court was bound to find in accordance with it. Under the evidence the court was fully justified in finding that there was no consideration moving the defendants to the giving of the contract of indemnity, other than the agreement of Thomas L. Rogers to convey an interest in said concession.

This also answers the further proposition that the agreement operated a novation of parties, by which Mrs. Rogers took Luce, Kimball and Gordon as principals upon the note in place of her husband, since this proposition is rested upon the same contention that she signed the note with the understanding that the agreement would be executed.

It is further advanced that the only right the defendants had upon the failure of Thomas L. Rogers to make the stipulated conveyance was that of rescission; that this right was one to be exercised promptly, and that by their failure to so exercise

it they are deemed to have waived the making of the convey-
ance, and are estopped, at least as against the plaintiff Ella,
to urge a want of consideration on that ground. But it is a
sufficient answer to this proposition to say that no such case
is made by the pleadings. No estoppel is pleaded, but it is
alleged that the conveyance was in fact made and the terms
of the contract thereby fulfilled. Plaintiffs were bound to
establish their case as alleged; or if the evidence showed a
state of facts not pleaded, and yet authorizing a recovery,
they should have asked leave to amend and conform their
pleading to the facts. They failed to do either the one or the
other, and the evidence not warranting a recovery under the facts
averred, the findings against them will not be disturbed because
upon some different state of the pleadings plaintiffs might
have been entitled to recover. (*Mondran v. Goux*, 51 Cal. 151;
*Bryan v. Tormey*, 84 Cal. 126.)

It is said the contract does not by its terms contemplate any
further conveyance than that recited therein, and that it appears
from the evidence that the defendants got all they contracted
for, and never expected any further conveyance. The first part
of this proposition involves a construction of the contract which
it will not bear, and which the parties themselves never gave it.
The second is answered against appellants by the findings of the
court, based upon evidence which we deem substantially con-
flicting.

The proposition that the contract sued on constituted a re-
lease of the plaintiffs from their obligation on the note, and,
being in writing, was good without further consideration under
section 1541 of the Civil Code, is untenable. The provision of
that section making a release in writing of an obligation valid
and binding without a new consideration therefor has application
only to instruments which by their terms purport to be formal
releases, and does not include instruments or contracts which
might operate as such indirectly, but which upon their face pur-
port to give a right upon which an affirmative action would lie.
Construing this section in *Upper etc. Canal Co. v. Roach*, 78 Cal.
552, this court said: "The want of consideration is not obviated
by section 1541 of the Civil Code. That section provides that
'an obligation is extinguished by a release thereof given to the

debtor by the creditor upon a new consideration, or in writing, with or without new consideration.' We think that this provision applies to express releases, given with intent to extinguish the obligation, and not to things which might have that result in a roundabout way. In dispensing with a consideration the legislature dispensed with the substance of the transaction. And we do not think it ought to be assumed, in the absence of language to that effect, that the intention was to dispense with both form and substance."

We do not deem it necessary to notice the other points discussed. We are satisfied that there was evidence tending substantially to sustain the finding of a failure of consideration for the contract sued on, and this conclusion renders the other questions immaterial.

The judgment and order are affirmed.

Garoutte, J., Temple, J., McFarland, J., Harrison, J., and Henshaw, J., concurred.

BEATTY, C. J., concurring.—I concur. The action is founded not upon a release, but upon a contract to indemnify; and there can be no recovery upon such a contract when it appears that there has been no performance, or offer to perform, of the promise which was the sole consideration of the agreement to indemnify.

Rehearing denied.