[Civ. No. 8171.   Second Appellate District, Division Two.—February 20, 1934.]

W. ROSS CAMPBELL CO. (a Corporation), Appellant, v. SEARS, ROEBUCK & CO. (a Corporation), Respondent.

Roy V. Rhodes for Appellant.

O'Melveny, Tuller & Myers, William W. Clary and Pierce Works for Respondent.

ARCHBALD, J., *pro tem.*—Suit was brought by plaintiff to recover a balance of $3,500 on an earned commission of $8,500. It was admitted that defendant agreed in writing to pay the total commission of $8,500 and that but $5,000 thereof was actually paid. Defendant set up as an affirmative defense that the purchaser to whom the property was sold, on which sale the commission was earned, defaulted and refused to perform its obligation to purchase and asked to be relieved from such obligation. This was agreed to by defendant, providing the latter was released from paying the balance of such commission. On April 4, 1929, plaintiff executed and delivered to defendant the following writing:

"April 4, 1929

"Sears, Roebuck and Co.,
"Los Angeles.
"Gentlemen:
"With reference to the *pur*posed sale of your property at the N. E. corner of 59th St. and Vermont Ave., being in size 200' x 150', to the Urban Properties Co., which was negotiated by us as your agent and in the course of which there was paid to us the sum of Five Thousand Dollars ($5000) on account of commission earned by us, we hereby accept said sum of Five Thousand Dollars ($5000) in full settlement and satisfaction of our claim for Eighty-five Hundred Dollars ($8500), together with any and all claims accruing to us as agents in the negotiation of said sale.

"We hereby release you from any further payment or obligation to us on account of the negotiation of said sale.

"Yours very truly,

".'W. ROSS CAMPBELL CO.,

"By C. A. GREESE,

"C. A. GREESE,

"Asst. Secy-Treas."

A written stipulation filed by the parties in effect sets out the foregoing facts as well as others which we do not deem material here, but which tended to show that the original escrow was not canceled, but was kept alive by agreement pending action upon an option given to Mr. Van Vleet, the president of Urban Properties Company, to purchase the property in question, which option was finally taken up and title to the property was vested in said company, which in turn executed deeds to the real purchasers, evidently to save sending such deeds back to Chicago to be executed by defendant corporation.

■ A *prima facie* case having been made by plaintiff, and the stipulated facts showing that the affirmative defense of a release was apparently good, the burden then devolved upon plaintiff to show that in fact it was not. Plaintiff accepted such burden and introduced evidence tending to show that Mr. Humphrey, regional manager for defendant during the negotiations leading up to the execution of the release, told Mr. King, outside man for plaintiff, that he had given an option to purchase the property to the president of said Urban Properties Company, so that if purchased, the $15,000 paid by such company would be saved, and that if such option was taken up the balance of the commission would be paid by defendant; and that such promise was communicated to plaintiff corporation, which thereupon executed and delivered said release. Such evidence was objected to by defendant upon the ground that it was an attempt to vary the terms of a written instrument by evidence of a prior parol agreement. The objection was overruled, but at the close of such testimony it was stricken on motion of defendant. Appellant urges that it was error so to do.

■ Under section 462, Code of Civil Procedure, the affirmative defense alleged was at the trial deemed to be controverted, and plaintiff was entitled to offer evidence

rebutting that establishing such affirmative defense without a pleading by way of replication. (*Llewellyn Iron Works* v. *Abbott Kinney Co.*, 172 Cal. 210 [155 Pac. 986].) ▮ Appellant urges that such evidence was competent and admissible not only to show that the true consideration for the execution of the release had failed, inasmuch as the promise inducing the release was not performed, but also to show fraud in inducing its execution, i. e., by a promise made with no intention of performing the same.

That such prior parol agreement would vary the written release would seem to be unquestioned. In such case, may the rule be avoided, under the rule of failure of consideration, by treating the prior parol promise as the real consideration for the release? In our opinion it cannot.

In the case of *Hendrick* v. *Crowley*, 31 Cal. 471, 472, evidence was excluded, as here, which tended to vary the terms of a written instrument. In that case plaintiff recovered judgment against defendant for an assessment levied on defendant's property. In his answer the latter averred that the true consideration for an assignment made by him to plaintiff was not the $100 expressed in the assignment, but was the parol agreement that defendant should not be required to pay his share of the assessment sued on. At the trial defendant offered evidence to prove such affirmative allegation, which offer was rejected. Defendant's motion for a new trial was granted and plaintiff appealed from such order. It was urged on appeal that there was no error in excluding such evidence, because it was within the rule forbidding the introduction of parol evidence to contradict or vary a written instrument and not within the *exception* which allows a consideration to be shown other and different from that expressed. It was further argued that the direct legal effect of such evidence was to defeat the written assignment in part by showing that there was a contemporaneous agreement limiting its operation and effect. The order was reversed, the court saying (p. 476): "The point as made by the respondent on his motion was certainly very ingenious, and, as suggested by counsel for appellant, was well calculated to mislead the court. Stated in his language, the question at first blush would seem to fall readily within the exception and not within the rule, but upon further reflection it will appear clear that the

reverse is the case. There is no doubt but that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the written instrument. *But this is not a rule but an exception to the rule that the legal effect of a written instrument cannot be varied or defeated in whole or in part by parol evidence.* The exception can never be allowed to override the rule, for that would be to dispense with the rule entirely and preserve only the exception. The exception always loses its governing force when it comes in conflict with the rule which it qualifies, and must yield to its higher claims. *Hence, the consideration cannot be contradicted or shown to be different from that expressed when thereby the legal operation of the instrument to pass the entire interest according to the purpose therein designated would be defeated.*" (Italics ours.) The rule announced in such case was again announced by the Supreme Court in *Arnold* v. *Arnold,* 137 Cal. 291 [70 Pac. 23], where that tribunal quotes with approval the last paragraph above taken from the Crowley case.

█ Nor would the fact that the $5,000 had already been paid some time before the release was executed necessarily mean that there was no consideration for its execution. Being a formal, express, written release of an obligation, no consideration is necessary to support it. (Sec. 1541, Civ. Code; *Upper etc. Canal Co.* v. *Roach,* 78 Cal. 552 [21 Pac. 304]; *Rogers* v. *Kimball,* 121 Cal. 247, 253 [53 Pac. 648].)

█ The release in question here was apparently drawn in plaintiff's office by someone representing plaintiff, and there executed. It is so clear and unequivocal in its terms that no resort to the circumstances surrounding its execution is necessary to ascertain the intention of the parties. Plaintiff seeks to evade the result of its plain terms by proof of a parol, unperformed agreement which is directly contrary to such clear meaning. It is well settled that a fraudulent representation as to a material matter inducing the execution of an agreement may be shown by parol evidence, even where the written instrument purports to contain the entire agreement between the parties. (*Hunt* v. *L. M. Field, Inc.,* 202 Cal. 701, 703 [262 Pac. 730].) In our opinion, however, a distinction must be made between

such a parol promise as the one here, which by its very nature is superseded by the final writing, inconsistent with it, and a promise made with no intention of performing the same, not inconsistent with the writing, but which was the inducing cause thereof. We think the former, being evidence of a preliminary agreement entirely superseded by the subsequent writing, is no evidence of the terms of the writing finally agreed upon (sec. 1856, Code Civ. Proc.), and cannot be relied upon as a fraudulent representation inducing the writing.

In the case of *Yuba Mfg. Co.* v. *Stone,* 39 Cal. App. 440 [179 Pac. 418], defendant's answer and cross-complaint admitted the execution of the notes sued on, and set up as a defense and cause of action against plaintiff for rescission of the contract and damages certain alleged fraudulent representations inducing the contract for the purchase of a tractor, the payment of the purchase price of which was represented by said notes. The court refused to permit the introduction of evidence of such alleged fraudulent parol representations, made by the agent as to the capacity of said tractor, on the ground that it tended to vary the contract finally executed. The agreement contained a warranty that the tractor when delivered would be in good working order and free from any latent defect arising from poor workmanship or the use of improper or defective materials. The parol representations attempted to be shown and so excluded were representations "of any kind as to what the capacity of . . . the tractor . . . would be, or what it could do in the matter of driving rice threshers". The court said: "It is difficult, therefore, to resist the conclusion that appellant sought to add to the warranty contained in said written instrument. Of course, the significance of the said parol assurance was not changed by reason of the fact that it is claimed to have been fraudulently given. Whether the promise was made with or without a deceitful intent, its importance to appellant arose from the consideration that it related to the character of the tractor to be furnished. Its quality as a warranty would not be changed or affected in the least by alleging that the representation was fraudulently made." Further, the court in its opinion (p. 445) quoted with approval the following language from the case of *Tockstein*

v. *Pacific Kissel Kar Branch*, 33 Cal. App. 262 [164 Pac. 906] : ''A person buying or agreeing to buy personal property, the terms of which purchase or agreement to purchase are put in writing, is bound as to the terms of the contract by such writing, into which all preliminary understandings and assurances are presumed to be merged, and such persons cannot go behind such writing to avoid the agreement of purchase for the alleged breach of some oral understanding or guaranty not contained in its written terms.'' The court also said: ''It must be apparent that the same rule applies whether the said oral representations be regarded as technically a 'warranty' or as simply a covenant or promise. In either event it must be entirely excluded because not contained in the final written agreement of the parties.''

We agree that on principle there can be no difference between a promise which amounts to a warranty and one that does not, where both are obnoxious to the rule that the final written agreement of the parties cannot be changed by a prior parol agreement. On principle we see no similarity between the claim of fraud here and that involved in the case of *Stewart* v. *Crowley*, 213 Cal. 694 [3 Pac. (2d) 562]. See, also, the case of *Kullman, Salz & Co.* v. *Sugar etc. Co.*, 153 Cal. 725 [96 Pac. 369], where it was held that the trial court erred in permitting evidence of parol representations preceding a written agreement inconsistent therewith and treated by the trial court as false representations inducing the agreement. The Supreme Court did not reverse that case because of such error, as the evidence showed a breach of the agreement as written. In the case of *Rogers* v. *Atchison etc. Ry. Co.*, 38 Cal. App. 343 [176 Pac. 176, 177], the judgment was reversed because the trial court erroneously admitted testimony that releases set up by defendant were signed by plaintiff on the assurance that they ''were only receipts for wages or for lost time'', where the objection to such testimony was that the terms of a written contract could not be thus varied.

There was nothing in the evidence in the case before us to show that plaintiff did not act freely in giving an absolute release to defendant, and in our opinion having so acted, when it could have made such release conditional on the failure of the optionee to complete the sale, it cannot

now defeat its own written release by showing a prior parol agreement entirely inconsistent therewith.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.