[Civ. No. 6727.   Third Dist.   Apr. 25, 1944.]

J. T. HAMES et al., Appellants; H. WARD SHELDON, as Administrator with the Will Annexed, etc. (Substituted for J. T. HAMES), v. JOHN A. RUST et al., Defendants; DEER CREEK UNION MINING COMPANY (a Corporation), Respondent.

H. Ward Sheldon for Appellants.

Busick & Busick for Respondent.

THE COURT.—This is an appeal by the plaintiffs from a judgment in favor of the defendant Deer Creek Union Mining Company a corporation.

On October 27, 1934, one George O. Nihell executed to John A. Rust and S. W. Tull, a written lease and option to purchase two mining claims for the sum of $30,000, to be paid in specified monthly installments together with 10 per cent of all net proceeds derived from sales of ore extracted from the mines. The agreement was subsequently assigned by Rust and Tull to the respondent Deer Creek Union Mining Company on December 22, 1934.

Thereafter a series of events occurred as follows:

1. During the Fall of 1936, the time for the performance of the original agreement was extended.

2. On January 15, 1937, the defendant mining company was still in default of certain payments provided in said contract, and by a writing of that date Nihell waived such default ". . . till the financing program is completed. . . ."

3. Regardless of the foregoing extensions of time and waiver, the owner, Nihell, on May 6, 1937, executed to plaintiff J. T. Hames, a lease and option to purchase the claims on terms similar to those contained in the original lease to Rust and Tull. No mention was made therein concerning the agreement between Nihell and Rust and Tull dated October 27, 1934.

4. Again on June 19, 1937, Nihell waived in writing further default of the defendant company until "September 1, 1937."

5. On June 21, 1937, Nihell executed another option to purchase the claims to plaintiffs J. T. and Jett A. Hames on similar terms, except that the purchase price was reduced to $20,000. This agreement was made subject to the October 27, 1934 agreement.

6. On the same date Nihell also executed to J. T. and Jett A. Hames an assignment of his interest in the original agreement of October 27, 1934, authorizing the assignees to collect the payments due thereunder.

7. On August 12, 1937, Nihell executed and delivered to the mining company a modification of the lease and option of October 27, 1934, whereby the balance due "before the 15th. day of November 1937" under the terms of said original agreement, was cancelled, and the monthly payments due thereafter were reduced.

8. Lastly, on October 29, 1937, Nihell executed a third option to purchase the mining claim to J. T. and Jett A. Hames, on substantially the same terms as expressed in the original lease.

The present suit was to quiet plaintiffs' title, and was commenced October 1, 1937, before the last mentioned instrument was executed, and a supplemental complaint was filed to cover the execution of the third option. The complaint alleged ownership in plaintiffs by virtue of the June 21, 1937 agreement, and for a second cause of action alleged default of defendants under the October 27, 1934 agreement between Nihell and defendants Rust and Tull.

The defendant Deer Creek Union Mining Company answered the complaint, denying the material allegations thereof, and affirmatively alleging that it held title to and possession of said mining claims, as assignee of the original lease and option to purchase the claims executed to Rust and Tull on October 27, 1934, and that said instrument was in full force and effect. It denied that the defendants were in default of any of the terms of that agreement, or that plaintiffs ever notified defendants of any default as required by the lease. The answer further alleged that the defendants fully performed all of the covenants of their lease and option to purchase; that they did not fail to operate the mines or to make payments as required by said agreement, and that on the contrary George A. Nihell and the plaintiffs waived any breach of covenants which might have occurred by modifying the contract in writing and by extending the times of payment thereunder. Finally it was alleged that plaintiffs had no right or title to said claims "superior" to those which were possessed by the mining company.

The defaults of defendants Rust and Tull were entered for

failure to answer the complaint.

The cause was tried twice. The first suit resulted in a judgment in favor of the defendant mining company. A new trial was granted on the ground of insufficiency of the evidence, and on appeal that order was affirmed. (*Hames* v. *Rust*, 14 Cal.2d 119 [92 P.2d 1010].) The case was then retried before the court sitting without a jury, and at the conclusion thereof findings favorable to the defendant corporation were adopted.

Pending the appeal of this case the plaintiff J. T. Hames died, and the administrator of his estate was duly substituted as a party plaintiff.

The appellants contend that the waiver of the breaches of contract and extensions of time within which to make stipulated payments were given without consideration; that while consideration is not always necessary, a waiver not supported by consideration may be retracted at any time unless conditions amounting to an estoppel exist; that plaintiffs' notice of default on July 5, 1937, which was signed by plaintiffs and Nihell, gave defendants ample time to avoid a forfeiture, and that as defendants were already in default and could not have performed under the extension of time granted, there was no equitable reason why the extension could not be retracted without notice. It is further contended that the trial court erred in two of its findings. However, in view of the disposition of the other issues raised herein such contention becomes immaterial.

If, as the defendant corporation contends, Nihell was free to enter into the modification agreement of August 12, he could do so only if the June 19th agreement were valid, for obviously if the June 19th agreement were not valid, then the agreement on June 21st with the plaintiffs would control. It is necessary, therefore, to determine what rights, if any, were acquired by the two agreements last mentioned, those of June 19th and June 21st.

The record discloses what apparently was sufficient consideration for the granting of the extensions of time within which to pay the installments of money and to perform the covenants of the agreement. (Civ. Code, § 1605; *Lincoln Holding Corp.* v. *Levering*, 219 Cal. 427 [27 P.2d 74]; *Brownfield* v. *McFadden*, 21 Cal.App.2d 208 [68 P.2d 993]; 6 Cal.

Jur. 168, §§ 117-118; 12 Am.Jur. 990, § 412.) In the authority last cited it is said in that regard:

"Any new agreement between the parties to an existing executory contract, made in substitution or modification of the elder compact and bilateral in benefit or burden, has, like the primary contract, a sufficient consideration in the mutual advantages or obligations which it confers or imposes. Where an agreement amounts to a waiver or discharge of mutual stipulations in a contract, either in whole or in part, the discharge of each by the other from the obligations of the contract may furnish a sufficient consideration."

Section 1605 of the Civil Code provides that:

"Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

There is evidence that the modification of the original lease and the extensions of time to make the specified payments were executed in writing in consideration of an agreed forbearance to sue Nihell for a truck and water pump belonging to the mining company which he was charged with selling and converting. That forbearance furnishes adequate consideration for the modification and extensions of time. No action was brought against Nihell for the truck and pump.

The appellants contend that as the extensions of time were given without consideration Nihell was therefore authorized to rescind them at any time prior to fulfillment of the modified covenants by the lessee, citing *Atlantic Fish Co.* v. *Dollar Steamship Line,* 205 Cal. 65 [269 P. 926]; 6 Cal.Jur. 378, § 227. As authority for the further contention that mere forbearance is not consideration, unless such forbearance is pursuant to an agreement therefor, they cite *Tiffany & Co.* v. *Spreckels,* 202 Cal. 778 [262 P. 742].

The decision in the Atlantic Fish Co. case was founded on the assumption that the modification of the contract which was there involved, with respect to refrigeration of fish which were shipped, was "without consideration to support it," while the Spreckels case did involve the principle of forbearance to sue, yet the court held that there "was no valid consideration to support any agreement" and the contract had been obtained by the "wrongful use of fear, induced by the

threats of [plaintiff]." Moreover the court held that while there was an actual forbearance to sue, there was no agreement to that effect, and stated: "The fact that it did forbear to sue without any agreement of forbearance does not constitute a consideration."

The foregoing rules have no application to the present case. We have previously held that the extensions of time were given for adequate consideration, consisting of forbearance to sue Nihell on an asserted valid claim, which was a benefit to him and a detriment to the lessee mining company, and therefore the situation herein presented comes squarely within the provisions of section 1605 of the Civil Code.

■ The modification of the lease herein with respect to the deferred payments and to all other payments to become due "before the 15th. day of November 1937" required no consideration because those obligations were specifically cancelled and released by the written instrument of August 12, 1937, wherein Nihell modified the respondent's lease of October 27, 1934, by executing and delivering to it a written instrument waiving all unpaid installments together with all payments which would accrue before November 15, 1937. (Civ. Code, § 1541; *Weddle* v. *Heath*, 211 Cal. 445, 455 [295 P. 832]; *W. Ross Campbell Co.* v. *Sears, Roebuck & Co.*, 136 Cal.App. 765, 769 [29 P.2d 910]; *Rogers* v. *Kimball*, 121 Cal. 247, 253 [53 P. 648].) Section 1541 of the Civil Code provides that:

"An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration."

■ The appellants concede that this release and cancellation of those obligations by the written instrument would be a complete defense to this action except for the alleged fact that the owner of the mining claims, Nihell, executed and delivered to J. T. and Jett A. Hames on May 6, 1937, another lease and option to purchase the claims. But the answer to this contention is that Nihell, in consideration of the mining company's forbearance to sue him for his alleged conversion of the pump and truck, as the trial court specifically determined, "in the Fall of 1936, granted the defendant mining company an extension of time in which to perform the terms and conditions of said contract"; that Nihell again, and by an instrument in writing, on January

15, 1937, extended its time for performance, and lastly, the time for performance was again extended on June 19, 1937. Therefore the original lease of October 27, 1934, was not terminated but remained in full force and effect.

It follows that the modification of the original lease and the extensions of time were valid and binding and they could not lawfully be rescinded by subsequent notice or by an effort on the part of the owner of the mining claim to thereafter transfer his title or interest therein. The purported transfer of interest in the original lease to J. T. and Jett A. Hames was subject to the paramount title and contractual rights of the mining company.

The court, therefore, properly determined that the plaintiffs were entitled to take nothing by their action.

The judgment is affirmed.

Appellants' petition for a hearing by the Supreme Court was denied June 22, 1944.