[Civ. No. 2572.  Second Appellate District.—October 3, 1918.]

FRANK O. ROGERS, Respondent, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Appellants.

NEGLIGENCE—RELEASE—AVOIDANCE—INADMISSIBILITY OF PAROL EVIDENCE.—Where one in full possession of his mental faculties executes releases satisfying and discharging all his claims for damages for personal injuries sustained by him, parol evidence to avoid the releases to the effect that he was assured at the time he executed them that they were only receipts for wages for lost time, will not be admitted.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. H. T. Dewhirst, Judge.

The facts are stated in the opinion of the court.

U. T. Clotfelter, M. W. Reed, Robert Brennan, and F. J. Heid, Jr., for Appellants.

George L. Greer, Byron Waters, and Grant Holcomb, for Respondent.

CONREY, P. J.—Action to recover damages for personal injuries suffered by the plaintiff, caused by negligence of the defendants. The plaintiff, at the time when the injuries were received by him, was employed as a switchman on the railroad of the defendant corporation. Defendant Shortridge was foreman of a switching crew and engine of the defendant corporation. The defendants appeal from the judgment and from an order denying their motion for a new trial. We observe, however, that the verdict as shown in the transcript was against the Railway Company only, and we assume that the judgment (which is not shown in the transcript, but entry of which is recited in the notice of appeal) also is against the Railway Company alone.

In addition to other grounds of defense which we find it unnecessary to consider, the defendants pleaded that for a good and valuable consideration paid to the plaintiff by the defendant corporation, the plaintiff executed to said corporation an agreement in writing releasing it from all liability arising from the personal injuries claimed to have been sustained by him on the occasion referred to in the complaint. The accident occurred on the sixth day of February, 1913. On April 28, 1913, plaintiff received from the Railway Company (hereinafter called the appellant) the sum of $56.42, and executed a release which we will call the first release. On September 15, 1913, plaintiff received from appellant the further sum of $350, and executed another document which we will call the second release. The releases are identical with each other in form. They refer specifically to the injury sustained by respondent while in the performance of his duties as a switchman for appellant on the sixth day of February, 1913, and purport to fully release, discharge, and satisfy all claims, demands, or causes of action arising from or growing out of said injuries. In each of the releases respondent, in his own handwriting, made the following statement above his signature: "I have read the above voucher, receipt and release and fully understand the same."

It is conceded, as it must be, that the first release upon its face purports to be a full and complete release, and in that respect is identical with the second. To overcome the effect of the releases respondent gave testimony offered by him for the purpose of proving that both payments were for time lost after the accident, and were calculated upon the basis of a percentage of the wages which respondent would have earned if the accident had not occurred. As a part of the same attempt to destroy the effect of the releases, respondent testified that his "job was at stake"; that he was assured by appellant's agent that the instruments which he signed were only receipts for wages or for lost time. The testimony thus received was admitted over objections of appellant, specifying, among other things, that the terms of a written contract could not thus be changed.

At the times when these settlements were made, the plaintiff had so far recovered from his injuries that he was able to and did voluntarily visit the office of appellant's claims agent, where both transactions were consummated, and he was in complete possession of his mental faculties. There is no evidence to the contrary. He admits that appellant's agents did not make any attempt to prevent him from reading the releases before they were signed by him.

We think that this case may very properly be determined upon the authority of *Haviland* v. *Southern California Edison Co.,* 172 Cal. 601, [158 Pac. 328], where the supreme court has clearly stated the principles governing the case, and has pointed out the distinction between those cases in which releases of this kind may be set aside and those where such releases may not be set aside. It is true here, as it was true there, that "no case is cited, and we find none, which decides that where a party in full possession of his faculties signs an instrument which he has read and considered and whose terms and provisions he understands, he may avoid the effect of his act by producing evidence that the adverse party told him that the instrument was not binding." Assuming it to be true that respondent in this case did not read the contracts which he signed, the legal situation is just the same, for he had a complete unimpeded opportunity to read the documents and to consider their effect.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 2, 1918.