[S. F. No. 10204. In Bank.—February 14, 1924.]

# CLARENCE GARNS, etc., Respondent, v. JACOB HALPERN, Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE—DAMAGES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In this action to recover a stated sum as compensation for personal injuries, loss of earnings, and damage to property resulting from a collision between the motorcycle of the plaintiff, upon which he was riding, and the automobile of the defendant at a street intersection, the defendant's contention that plaintiff was guilty of contributory negligence must be sustained.

[2] ID. — AMOUNT OF ILLUMINATION OF VEHICLE — RELATIONSHIP TO SPEED.—A driver, whose vehicle, either through neglect or accident is unequipped with the amount and character of illumination required by law, may not safely proceed at the same rate of speed as he might otherwise. The amount of illumination of a vehicle has relation not only to the driver's own safety but to that of others, and it is intimately involved with the question of speed.

[3] ID.—MOTORCYCLE NOT EQUIPPED WITH HEADLIGHT—VIOLATION OF MOTOR VEHICLE ACT—EFFECT OF.—Plaintiff's neglect to comply with sections 13a, 13c, and 13f of the Motor Vehicle Act, requiring motorcycles, when being driven upon a public highway during the period from half an hour after sunset to half an hour before sunrise, to be equipped with a headlight of the character specified in said act, constituted negligence.

[4] ID.—FINDING AGAINST DEFENDANT—RIGHT OF PLAINTIFF TO COMPLAIN—IMPROPER ORDER GRANTING NEW TRIAL.—In such an action, the jury's error in finding against the defendant is not one of which the plaintiff can complain, and furnishes no ground for the trial court's order granting plaintiff's motion for a new trial.

APPEAL from an order of the Superior Court of Alameda County granting a new trial. A. F. St. Sure, Judge. Reversed.

The facts are stated in the opinion of the court. .

2. Duty of operator of motor vehicle to display lights, notes, 38 L. R. A. (N. S.) 489; 51 L. R. A. (N. S.) 996.

Validity and construction of regulations as to lights on motor vehicles, note, 11 A. L. R. 1226.

3. Effect of failure to show lights on liability for collision between automobile, or automobile and another vehicle, at or near corners of street or highway, note, L. R. A. 1916A, 745.

Wm. M. Abbott, K. W. Cannon, J. E. Reardon and Enid Childs for Appellant.

Ford & Johnson for Respondent.

The following opinion, prepared by Mr. Justice Kerrigan prior to his retirement, is hereby adopted as the opinion of the court:

This is an appeal by defendant from an order granting the plaintiff's motion for a new trial based upon the ground of insufficiency of the evidence to support the verdict.

The action was one to recover the sum of twenty thousand dollars as compensation for personal injuries, loss of earnings, and damage to property resulting from a collision between the motorcycle of the plaintiff, upon which he was riding, and the automobile of the defendant. Trial was had by jury, which returned a verdict for one dollar. Being dissatisfied with the verdict the plaintiff moved for a new trial, which was granted, as above mentioned, and the defendant appeals.

In support thereof the appellant urges, first, that there is no substantial evidence of any negligence on the part of the defendant in connection with the collision; and, second, assuming that the evidence might support a finding of such negligence, it also shows beyond question and as a matter of law that the plaintiff's own negligence proximately contributed to his injury; that the verdict of the jury in plaintiff's favor, although only for one dollar, was erroneous, but that it is not an error of which the plaintiff can complain, and afforded no ground for the granting of a new trial at his instance.

[1] We are of the opinion that appellant's contention with respect to the contributory negligence of the plaintiff must be sustained.

The evidence in the record shows that on the night of June 23, 1920, at about the hour of 9:40 P. M., the defendant in his automobile was driving on East Twelfth Street, Oakland, and was engaged in making a left turn to bring him into Fourteenth Avenue, an intersecting street, and that the plaintiff, driving a motorcycle in an opposite direction on East Twelfth Street, ran into defendant's automobile before it had succeeded in clearing East Twelfth Street

and entering the avenue. There is some evidence in the record from which the jury might have inferred that the defendant undertook to make this turn before passing the medial line of the intersection. Assuming that the jury took this view, the evidence further shows without contradiction that before commencing to turn the defendant brought his machine to a complete standstill; that he gave the proper signal that he was about to turn; that he looked in the direction from which the plaintiff's motorcycle was approaching and did not see it, it not being equipped with the headlight required by law; that his automobile was struck by the motorcycle of plaintiff almost immediately after starting up and while making the turn and before his automobile had acquired a speed greater than eight miles an hour; that his two headlights (which complied with legal requirements) were lighted and visible to the plaintiff had he looked, which in duty he was bound to do; that, on the other hand, the plaintiff's motorcycle was not equipped with the headlight required by law, which would have aided the plaintiff to discover the presence of defendant's automobile, and the defendant to have perceived the plaintiff's approach, but in lieu thereof the plaintiff held in his hand a small flashlight, not capable of revealing objects more than twenty-five feet distant even if its beams had been directed ahead of the motorcycle; that the plaintiff drove his motorcycle thus unequipped with the legal headlight at a rapid rate of speed across the intersection of the streets in question in the darkness of night; and it is also to be noted (although this circumstance cannot, perhaps, be said to have contributed to the collision with the same certainty as the other negligent acts referred to) that although the motorcycle was constructed for carrying only one person the plaintiff was carrying a passenger upon it, who was seated upon the rear fender with both legs on the left side of the machine, the testimony showing that his presence in this position interfered with the proper operation of the motorcycle.

As to the speed at which the plaintiff crossed the intersection, the lowest estimate—his own—places it at fourteen miles per hour, while one of his witnesses puts it much higher; he himself, testifying at a previous hearing in which the circumstances of the collision were under investigation, stated, in answer to the question: "About how fast

do you think you were going?" "I can't say positively nowheres near how fast I was going."

While a speed of fourteen miles an hour is within the maximum allowed by the Motor Vehicle Act, yet it does not follow that the operator of a motor vehicle may under all circumstances proceed at that rate. On the contrary, the act, both in sections 20 (a) and 22 (a) (Stats. 1919, pp. 215, 220), provides that such driver shall at all times operate his vehicle in a careful and prudent manner and with due regard for the safety of other users of the highway. **[2]** It follows that a driver, whose vehicle, either through neglect or accident, is unequipped with the amount and character of illumination required by law, may not safely proceed at the same rate of speed as he might otherwise. The amount of illumination of a vehicle has relation not only to the driver's own safety but to that of others, and it is intimately involved with the question of speed.

In *Cook* v. *Miller*, 175 Cal. 497 [166 Pac. 316], the driver of a motorcycle on a city street was held guilty of negligence in crossing a city street at the rate of fifteen miles an hour where his vision of persons traveling thereon was obstructed, the court saying: "The ordinance fixing the maximum speed at twenty miles an hour is not a license to go at that speed at all times and places (*Irwin* v. *Judge*, 81 Conn. 492 [71 Atl. 572]). The care required at any place on a public street is always that of a reasonably prudent person under the circumstances (*Scott* v. *San Bernardino etc. Co.*, 152 Cal. 610 [93 Pac. 677]). There are occasions when a speed far below the maximum would constitute negligence."

**[3]** The Motor Vehicle Act, sections 13a, 13c, and 13f (Stats. 1919, pp. 206, 207), requires motorcycles, when being driven upon a public highway during the period from half an hour after sunset to half an hour before sunrise, to be equipped with a headlight of the character specified in said act (*Pope* v. *Halpern, ante,* p. 168 [223 Pac. 470]). The plaintiff's neglect to comply with this provision of the law, designed expressly for the avoidance of collisions, constituted negligence. That plaintiff's operation of his motorcycle at the time in question in this and the other respects noted contributed to the happening of the accident there can be no doubt, and the defendant was accordingly entitled

to a verdict in his favor.  [4]  The jury's error in finding against him is not one of which the plaintiff can complain, and furnishes no ground for the trial court's order granting his motion for a new trial.

The order is reversed.

Lawlor, J., Lennon, J., Waste, J., Richards, J., Myers, J., Wilbur, C. J., and Seawell, J., concurred.

Rehearing denied.

All the Justices concurred.