[Civ. No. 5190. Third Appellate District.—March 28, 1935.]

IRWIN E. HUDGINS, Respondent, v. STANDARD OIL COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

[Civ. No. 5191. Third Appellate District.—March 28, 1935.]

RUSSEL B. RENISON, Respondent, v. STANDARD OIL COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Rich, Weis & Carlin for Appellants.

Frank A. Duryea for Respondents.

PULLEN, P. J.—These are actions for damages for personal injuries alleged to have been received by plaintiffs in a collision between an automobile in which they were riding and a truck of defendant, Standard Oil Company of California.

Some time after 6 o'clock on the evening of October 17, 1931, plaintiffs were riding in a Model T Ford touring car in a northerly direction on what is known as the Tahoe-Ukiah or Browns Valley highway in Yuba County. When they reached a point about three or four miles from the

city of Marysville the driving lights of the Ford suddenly went out; the dim or parking lights were then switched on and the Ford proceeded a short distance farther when the dim lights went out. After an examination it was found that it was then impossible to repair the lighting system. A consultation was held among those in the car as to the proper course, and it was determined to proceed. One of the plaintiff's testified that they talked the matter over and decided they could make it home without an accident. It was then quite dark.

After proceeding about a mile a collision occurred between the Ford and a Standard Oil truck. The southbound truck was also proceeding without lights and apparently on its left side of the highway. Both cars were traveling about 15 miles an hour at the moment of the impact.

There was some conflict as to whether there were any places where the Ford could have been driven off the paved portion of the highway after the lights failed. Hudgins, one of the plaintiffs, testified the paved portion of the highway where the accident occurred was 18 feet wide and that the shoulder on their right side was about 20 inches and on the left side about 3 or 4 feet. Plaintiff Renison testified that on their left of the highway there were a few places where one could get a car off the highway, but it would require careful driving to do so. In their verified complaints, however, it was alleged that the point of the collision and for several miles immediately in either direction the highway was approximately 40 feet in width, and the main traveled portion thereof approximately 18 feet in width.

At the conclusion of the testimony certain interrogatories were submitted to the jury in reference to releases signed by plaintiffs, and in answer thereto the jury found that each plaintiff, for a specified amount, executed and delivered a release of any claim against defendants. The jury also found that neither the defendants nor anyone acting for them made any misrepresentation to plaintiffs as to the contents, character or legal effect of such instruments, nor that defendants nor their representatives said or did anything to prevent plaintiffs from becoming familiar with the contents or legal effect of the instruments before plaintiffs affixed their signatures thereto.

The jury brought in a general verdict in favor of plaintiff Hudgins in the sum of $1,000 and a verdict in favor of Renison in the sum of $500. Upon motion of defendants, however, the court entered judgment for defendants on the ground that the special verdicts were contrary to the general verdicts.

Upon appeal, *Hudgins, Appellant,* v. *Standard Oil Co. et al., Respondents (Renison, Appellant,* v. *Standard Oil Co. et al., Respondents)*, 136 Cal. App. 44 [28 Pac. (2d) 433], this court held there was no conflict between the general and special verdicts, as the jury under the evidence, might have found the releases were executed on account of the mutual mistake of the parties, and reversed the judgment and directed the trial court to enter judgments upon the general verdicts, which was done. Upon the entry of such judgments in favor of plaintiffs, defendants then moved for a new trial which was denied and the matter now comes before us upon that record.

■ Appellants urge two points for the granting of a new trial. First, that the releases executed by plaintiffs bar their right to recover any damages from defendants and also that plaintiffs were guilty of contributory negligence as a matter of law.

Respondents object to the consideration of either of these contentions at this time claiming both of these issues were before the court in the former appeal and have become the law of the case and cannot now be questioned. Respondents, however, are in error. This court specifically omitted passing upon these questions in the former opinion, *Hudgins* v. *Standard Oil Co. et al., supra,* there stating: "Whatever may be our views as to the merits of the respondents' contention that the plaintiffs were equally guilty of negligence with the driver of the Ford truck belonging to the respondent corporation, and whatever wrong said driver was committing, plaintiffs were likewise committing, we are precluded from considering this contention of the respondents by reason of the fact that respondents are not appellants and are not in a position to present the question of contributory negligence for our consideration."

■ This court having reversed the judgment in favor of the defendants and directed judgments in favor of plain-

tiffs, the case now stands in the same position as if judgments were originally entered in favor of plaintiffs upon the general verdicts of the jury. (*Klauber* v. *San Diego Street Car Co.*, 98 Cal. 105 [32 Pac. 876]; *Milo* v. *Prior*, 210 Cal. 569 [292 Pac. 647]; *Truffee* v. *Stearns Ranchos Co.*, 124 Cal. 306 [56 Pac. 69]; *Sala* v. *City of Pasadena*, 162 Cal. 714 [124 Pac. 539].)

■ An examination of the evidence in this case compels us to hold that plaintiffs were guilty of contributory negligence as a matter of law. It is undisputed that they were driving upon a public highway about 18 feet wide at night without lights in the darkness, unable to see more than 15 or 20 feet ahead, as testified by plaintiff Renison, and as plaintiff Hudgins said: "You could see a little but you couldn't see any distance." Plaintiff Hudgins testified also, "If either one of us had lights the other one would have seen it." Also Virgil Cox, the driver of the Ford testified, "If he (the driver of the truck) had lights I would have seen him." "Q. If you had head lights there wouldn't have been any collision? A. No sir."

■ Plaintiffs attempt to excuse their negligence upon the ground they were confronted with an unexpected danger or peril and were entitled to use such means of avoiding the danger as would appeal to a person of ordinary care and prudence in like situation, without being held to a strict accountability as to whether the course chosen was the most judicious.

There is no doubt about the rule, but the facts here do not bring it within its application. Plaintiffs had ample time to weigh and decide as to which of the many courses open before them was proper. It is not necessary to enumerate the many things that a careful and prudent person could have done under the circumstances, but it is plain that the course adopted by plaintiffs was not one that would suggest itself to a person of ordinary prudence; plaintiffs, however, decided to take a chance and the collision occurred.

Plaintiffs were guilty of the same negligent act which they charge against defendants and upon which they base their cause of action. Inasmuch, however, as the doctrine of comparative negligence is not accepted in this state, the negligence of the defendants is not here an issue. ■ It is

the general rule that where a collision occurs between two vehicles, each violating an ordinance or other regulations, the concurrent negligence of each is held to be the proximate cause of the accident and neither can recover from the other. (*Cook* v. *Miller*, 175 Cal. 497 [166 Pac. 316]; *Berges* v. *Guthrie*, 51 Cal. App. 547 [197 Pac. 356].) The violation of an ordinance requiring vehicles to be operated at night with lights has frequently been held to constitute contributory negligence. (*Garns* v. *Halpern*, 193 Cal. 193 [223 Pac. 545]; *Jones* v. *Sunshine Grocery*, (Tex. Civ. App.) 236 S. W. 614; *Rapolla* v. *Goulart*, 105 Cal. App. 417 [287 Pac. 562].) It therefore appears that plaintiffs were guilty of contributory negligence as a matter of law and proximately contributed to the accident, barring their recovery.

So, too, we must hold with appellants in regard to the contention of appellants that the causes of action by plaintiffs are barred by the execution of the releases. This phase of the case seems to come within the rule laid down in *Rogers* v. *Atchison etc. Ry. Co.*, 38 Cal. App. 343 [176 Pac. 176].

The judgments in the above-entitled actions should be reversed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.