[Civ. No. 11431. Second Appellate District, Division Two.—July 30, 1937.]

ROSE. M. DUE, Respondent, v. WILLIAM LOUIS SWARTZ, Appellant.

Schell & Delamer for Appellant.

Reginald I. Bauder for Respondent.

McCOMB, J.—This appeal is from a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for personal injuries.

Viewing the evidence most favorable to plaintiff (*Patten & Davies Lbr. Co.* v. *McConville*, 219 Cal. 161, 164 [25 Pac. (2d) 429]), the facts in the instant case are:

June 4, 1936, about 11:30 P. M., plaintiff was riding in her automobile, which was being driven by her chauffeur in a northerly direction on Western Avenue near where it intersects 83rd Street in the City of Los Angeles. At the time

and for some period prior thereto her automobile was being operated without any lights. This fact was known both to plaintiff and her driver.

Simultaneously defendant was driving his automobile in an easterly direction on 83rd Street approaching Western Avenue. At the intersection of the two streets the automobiles collided, as a result of which plaintiff was injured.

Among other defenses defendant pleaded contributory negligence upon plaintiff's part. The trial court made no finding on the issue of contributory negligence.

This is the sole question presented for determination:

*Since there was substantial evidence, if believed by the trial judge, to sustain defendant's plea of contributory negligence, did the trial court commit prejudicial error in failing to make a finding on this issue?*

This question must be answered in the affirmative. ▮ The law is settled that it is reversible error for the trial court to fail to make a finding upon the issue of contributory negligence when properly pleaded, if there is any evidence which would support a finding in favor of such defense. (*Linde* v. *Emmick*, 16 Cal. App. (2d) 676 [61 Pac. (2d) 338]; *Woodworth* v. *Morgan*, 4 Cal. App. (2d) 488, 490 [41 Pac. (2d) 186]; *Tucker* v. *United Railroads*, 171 Cal. 702, 704 [154 Pac. 835]; *Maxwell* v. *Auto Stage Co., Inc.*, 46 Cal. App. 548, 550 [189 Pac. 710].)

▮ In the present case the evidence was undisputed that plaintiff's car at the time of the accident and for a period prior thereto was being operated without any lights in violation of the requirements of section 618 of the Vehicle Code of the state of California. Such evidence would have sustained a finding of contributory negligence on the part of plaintiff. (*Hudgins* v. *Standard Oil Co.*, 5 Cal. App. (2d) 618, 622 [43 Pac. (2d) 597].)

For the foregoing reasons the judgment is reversed.

Crail, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment. In my opinion plaintiff was guilty of contributory negligence as a matter of law. (*Hudgins* v. *Standard Oil Co.*, 5 Cal. App. (2d) 618 [43 Pac. (2d) 597].)