[Civ. No. 2071. Fourth Appellate District.—January 6, 1939.]

MELVINA P. HALL, Respondent, v. MAX KAUFMAN, et al., Appellants.

Arthur F. H. Wright for Appellants.

Hervey & Holt for Respondent.

MARKS, J.—This is an action for damages suffered by plaintiff when she came into contact with a motor vehicle owned by the Western States Grocery Company and driven by Max Kaufman, its employee. Plaintiff was given judgment in the sum of $4,000 and this appeal followed.

Defendants alleged contributory negligence on the part of plaintiff. The trial court failed to find on this issue. The only question we need to consider, is—Does this omission in the findings constitute prejudicial error? This question must be answered in the affirmative, unless, after an examination of the evidence, we can say as a matter of law that the plaintiff was not guilty of contributory negligence. Otherwise it remained a question put in issue by both the pleadings and the evidence which should have been decided by the trial court.

The accident happened at the corner of Sixth Street and Broadway in the city of San Diego. These streets intersect each other at right angles, with Broadway running east and west. Traffic is controlled by signals. Pedestrian crossing lanes are established on each of the four sides of the intersection.

Kaufman, driving the automobile on Sixth Street, approached the intersection from the south. He stopped at the pedestrian lane and waited the change of signals which would permit him to enter the intersection, turn right and proceed east on Broadway. When the signals changed he entered the intersection, signaling a right turn. He stopped twice to allow the pedestrian lane in front of him to clear and when the roadway was clear he continued on his way. He testified that he did not see plaintiff but felt an impact against the right side of his car. He stopped, alighted and found plaintiff lying on the pavement partially under the right side of the car.

Plaintiff testified that she left the sidewalk on the change of signals to cross Broadway from south to north after looking for vehicular traffic but did not see the automobile until about the moment of impact.

A witness for plaintiff thus described the accident:

"I was on the east side of Sixth street and started south across Broadway and there were several others ahead of me and I was the last one of that group and there was a car coming north and turned east into Broadway and I passed along just in front of it. It was just at my right. And as I passed along I could see out of the corner of my eye as I passed it that it was moving on. Well, there was a woman at my left going north and she passed on and the thought came to me— . . . The thought came to me that if she went on and the car went on they might get together. And so I turned to look and just as I looked, why, the woman, her face was just going against the glass of the front door of the car and she sort of threw her head back and the car threw her to the pavement. And when she struck the pavement, then she turned over partly with her face up, partly under the running board, and her feet were back towards the back end of the running board. Her face was just about where the running board joins onto the front fender. And her feet, she was lying parallel with the car and her face up and the car was still somewhat on a curve and she was in a position where if the car moved further she was in danger of the hind wheel, which naturally would draw towards her, running over her."

Under this state of the record it seems clear that the question of contributory negligence was put in issue, not only by the pleadings, but by the evidence. It was a material issue and the trial court should have found upon it. As was said in *Tucker* v. *United Railroads,* 171 Cal. 702 [154 Pac. 835] :

"The pleadings clearly raise the issue, and the court was bound to find upon the question whether or not deceased was guilty of contributory negligence, proximately causing her death. The failure of the court to make a finding responsive to this issue was error."

The failure to find on this very material question was, under the facts before us, "prejudicial error entitling the complaining suitor to reversal" of the judgment. (*Huntington* v. *Vavra,* 36 Cal. App. 352 [172 Pac. 166].) (See, also, *Estate of Pendell,* 216 Cal. 384 [14 Pac. (2d) 506].)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.