[Civ. No. 13001.    Second Dist., Div. One.—May 16, 1941.]

JOHNNYMAY BLAYLOCK, a Minor, etc., Respondent, v. JAMES JENSEN et al., Defendants; MABEL COATES, Appellant.

Marion A. Smith, D. E. Ruppé and C. W. Bowers for Appellant.

Fred A. Shaeffer and Wilbur D. Garber for Respondent.

WOOD, Acting P. J.—Plaintiff commenced this action to recover damages for injuries which she suffered in being mired in an oil sump on property in the possession of defendant. The appeal is from a judgment in plaintiff's favor in the sum of $500.

On the afternoon of April 6, 1940, plaintiff, a girl thirteen years of age, was walking with her two sisters, aged eleven and fifteen years, and a boy, aged fifteen years, along the highway about one mile from her home at Nipomo, California. Her dog ran loose in front of the group. About 20 or 30 feet from the paved highway oil and tar had accumulated on defendant's property in a hole about 250 feet long and about 100 feet wide. The sump was separated from the highway by a low embankment. Various witnesses described the appearance of the surface of the oil. Plaintiff described it as "just black with dirt and I could not tell what it was". She also stated that it was "like a big round hole and it was black and it had sand over it". One of the plaintiff's witnesses testified that the sump "looked brown", and another testified that it was "covered with sand and it had black streaks in it". No signs were placed on the premises giving notice of the dangerous condition of the sump.

As plaintiff walked on the highway by the sump she noticed that her dog was barking and trying to extricate itself from the sump. She called but the dog could not come to her. She and the other children remained on the bank of the sump about five minutes and then she started into the sump to rescue the dog. Plaintiff was able to walk about ten steps on the surface but she then suddenly mired down at a distance of about 30 feet from the dog. Both of her feet became stuck in the oil and tar and she fell on her right side. She was not rescued for several hours and during this period oil covered her body with the exception of her left arm and head. The boy who was accompanying plaintiff attempted to rescue her and he in turn became mired in the oil.

Defendant argues that the sump was not an "attractive nuisance", and that since plaintiff was a trespasser defendant was under no obligation to plaintiff to keep the premises in a safe condition. Although the trial court found that defendant "knew that it (the sump) was attractive to

children'', the liability of defendant need not be predicated upon the attractive nuisance doctrine. The conclusion of the trial court may be sustained under the general rule that a landowner may not construct or maintain a trap or pitfall into which he knows or has reason to believe that a trespasser will probably fall. The liability of the owner in such cases depends upon the circumstances surrounding the maintenance of the "trap", the extent of the danger involved and the comparative ease or difficulty of preventing the danger without disturbing or impairing the usefulness of the thing which is claimed to be a trap or pitfall. Upon the trial judge the duty is placed of determining the issue of liability in view of all of the conditions shown by the evidence. In support of plaintiff's contention that the trial court was justified in concluding that defendant is liable plaintiff properly cites the case of *Malloy* v. *Hibernia Sav. & Loan Soc.*, 3 Cal. Unrep. 76 [21 Pac. 525], a case in which the owner was held liable where a child fell into a cesspool on the defendant's property, about 10 feet from a sidewalk. In referring to this case it was said in *Loftus* v. *Dehail*, 133 Cal. 214, 217 [65 Pac. 379] : "It is true that damages were there sought for the death of an infant, occasioned by falling into a cesspool, but the complaint would have been sufficient to have warranted a recovery had an adult been killed under the same circumstances, for the complaint showed a veritable trap—a cesspool, open and unguarded, yet with its surface covered with a layer of deceptive earth to a level with the adjacent land. Into such a trap anyone, adult or child, might have walked.''

■ In her answer defendant pleaded as an affirmative defense that plaintiff was guilty of contributory negligence. The trial court made no finding on this issue, and its failure to do so requires a reversal of the judgment. It has frequently been held that a failure to find on the issue of contributory negligence, when pleaded, is reversible error. (*Woodworth* v. *Morgan*, 4 Cal. App. (2d) 488 [41 Pac. (2d) 186] ; *Linde* v. *Emmick*, 16 Cal. App. (2d) 676 [61 Pac. (2d) 338] ; *Maxwell* v. *Western Auto Stage Co., Inc.*, 46 Cal. App. 548 [189 Pac. 710], and cases therein cited.)

■ We cannot agree with defendant's contention that plaintiff was guilty of contributory negligence as a matter of law. Only thirteen years old, she had lived in several

states, in California but three months and in the neighborhood of Nipomo about one month before the accident. She had never seen this particular sump or any other oil sump, did not know what was holding the dog and did not know what she was stepping into. In considering whether plaintiff was guilty of contributory negligence the court, of course, should take into consideration the fact that she was of tender years and the fact that she was endeavoring to rescue her dog. It was not contributory negligence as a matter of law for plaintiff to attempt to rescue the dog, even if she knew that she was taking a risk in doing so, unless the risk was wanton or unreasonable. Whether her act in attempting to rescue the dog was wanton or unreasonable was a question to be determined by the trial court. (*Henshaw* v. *Belyea*, 220 Cal. 458, 469 [31 Pac. (2d) 348].)

The judgment is reversed.

McComb, J., concurred.