316

[Civ. No. 15512. Second Dist., Div. Two. Oct. 2, 1946.]

EMMA M. LOWE et al., Respondents, v. C. H. PIERCE, Appellant.

Walter Gould Lincoln for Appellant.

No appearance for Respondents.

WILSON, J.—This action was brought by plaintiffs to recover damages for personal injuries suffered by them resulting from having been struck by an automobile driven by defendant. In his answer to the complaint defendant pleaded affirmatively that the accident was proximately caused by the negligence of plaintiffs. From a judgment in their favor defendant appeals.

The only point necessary to be considered is the failure of the court to make a finding on said special defense.* There is evidence in the record which, if believed by the trial judge, would support a finding of contributory negligence on the part of plaintiffs. The plea of that defense in a personal injury action, with evidence tending to support it, presents an issue upon which the court is required to make a finding, and its failure so to do is reversible error. (*Linde* v. *Emmick,* 16 Cal.App.2d 676, 682 [61 P.2d 338]; *Hall* v. *Kaufman,* 30 Cal.App.2d 283, 285 [86 P.2d 151]; *Tucker* v. *United Railroads,* 171 Cal.702, 704 [154 P. 835]; *Maxwell* v. *Western*

*Appellant has tendered this as one of the grounds for reversal of the judgment but has not provided us with any authorities relating to the question. Respondent has presented neither brief nor oral argument.

*Auto Stage Co., Inc.,* 46 Cal.App. 548, 550 [189 P. 710];
*Huntington* v. *Vavra,* 36 Cal.App. 352, 354 [172 P. 166];
*Blaylock* v. *Jensen,* 44 Cal.App.2d 850, 852 [113 P.2d 256];
*Woodworth* v. *Morgan,* 4 Cal.App.2d 488, 490 [41 P.2d 186].)

The court having failed to find upon the issue of contributory negligence, the judgment must be and it is reversed.

Moore, P. J., and McComb, J., concurred.