[Civ. No. 4361. Fourth Dist. Mar. 21, 1952.]

MAUDE HICKS, Respondent, v. DONALD EDGE BARNES et al., Appellants.

Deadrich, Gill & Bates for Appellants.

Dorris, Fleharty & Phillips for Respondent.

MUSSELL, J.—This is an action for damages suffered by plaintiff when, while walking across North Chester Avenue in the city of Bakersfield, she was struck by an automobile operated by the defendant, Donald E. Barnes. The court, sitting without a jury, found for plaintiff and gave judgment in the sum of $2,000. Defendants appeal on the grounds that the evidence was insufficient to sustain the court's findings and judgment and that the court failed to make a finding on the issue of contributory negligence.

The accident occurred at the intersection of North Chester Avenue and McCord Street. North Chester Avenue at this point is a four-lane, surfaced highway with a "center island" about 3 feet wide with 6-inch raised ribs. McCord Street runs east and west and there is a pedestrian crosswalk at the south edge of McCord Street extending east and west across North Chester Avenue. On December 19, 1949, at approximately 6 o'clock p. m., plaintiff alighted from a bus at the northwest corner of the intersection, walked south across McCord Street, and turned east to walk across North Chester Avenue in the pedestrian lane. She looked to the north and then to the south, saw no cars approaching, and proceeded to cross the avenue. When she was at or near the center island, defendant, Donald E. Barnes, who was driving south on North Chester Avenue, pulled out into the east southbound traffic lane to pass a truck which was traveling in the same direction and then crossing the pedestrian lane. He testified that when he had pulled up "almost abreast" of the truck, he heard and felt an impact to his immediate left; that he immediately glanced to his left and saw the plaintiff "spinning around" in the center island; that this thud or impact occurred approximately 30 feet south of the pedestrian crosswalk; that he was traveling between 20 and 25 miles per hour; that his lights were on; that the night was dark and it had been raining; that after the impact, he stopped his car within approximately two car lengths and ran back to plaintiff, who was then lying 36 feet south of the pedestrian crosswalk; that he did not see plaintiff until after the accident.

Plaintiff, an elderly lady, testified that when she got off the bus, she was carrying four packages of Christmas toys in her arms; that before crossing North Chester Avenue,

she looked north and south, that there was no traffic coming; that she started across in the crosswalk, intending to go to her residence on East McCord Street; that she saw no cars coming and did not remember what happened after that until she regained consciousness in the hospital.

Mr. Jack Campbell, who had started across North Chester Avenue from east to west in the crosswalk at the time of the accident, testified that he saw plaintiff directly ahead; that "to the best of my knowledge she was in the crosswalk"; that plaintiff hit the front fender of a dark sedan and was thrown "clear down over onto the middle section of the highway." On cross-examination he stated that he did not see the plaintiff until after the impact and that she then appeared to be "bending over the fender."

Mr. Fitzgerald testified that he was driving north on Chester Avenue at the time of the accident; that the first time he saw plaintiff, she was in the air; that when he next saw her, she was lying on the pavement; that defendant's car was about even with the truck when he first saw plaintiff; that about that time something struck and shattered his windshield (apparently one of the packages being carried by plaintiff); that he stopped his car about "half a car's length" south of the crosswalk and ran back to where plaintiff was lying, 25 or 30 feet south of his car.

A traffic officer testified that when he arrived at the intersection, he found plaintiff lying on the ground in the center strip of North Chester Avenue at a point approximately 36 feet south of McCord Street; that he found broken glass 25 or 30 feet south of the crosswalk; that he examined the defendant's car and found that the spotlight on the left side was damaged and that there were two fresh dents in the left front fender.

The evidence was amply sufficient to support the trial court's findings that the defendant Donald Barnes "so carelessly, recklessly and negligently drove, operated and maintained the aforementioned automobile . . . so as to cause the same to strike and collide with . . . the plaintiff . . . that as a direct and proximate result of the carelessness, recklessness and negligence on the part of the defendants . . . and the striking, colliding with plaintiff . . . plaintiff sustained severe and permanent injuries . . . to her damage in the sum of $2,000." However, the court failed to make a finding on the issue of contributory negligence, if any, of plaintiff. Both of the answers filed by the defendants con-

tained an allegation that plaintiff was herself careless and negligent in crossing the highway and that said negligence proximately contributed to said accident and resulting damage.

Appellants argue that the trial court's failure to find on the issue of contributory negligence was prejudicially erroneous and direct our attention to the rule announced in *Lowe* v. *Pierce,* 76 Cal.App.2d 316 [172 P.2d 936], where the court stated that the plea of contributory negligence as a defense in a personal injury action, with evidence to support it, presents an issue upon which the court is required to make a finding, and its failure to do so is reversible error. (Citing cases.)

Respondent contends that the trial court's failure to make findings on the issue of contributory negligence was inadvertent, and had such findings been made, they obviously would have been made in favor of respondent. ■ However, as was said in *Severance* v. *Knight-Counihan Co.,* 29 Cal.2d 561, 576 [177 P.2d 4, 172 A.L.R. 1107]:

"It is settled law in California that where an action is tried before the court without a jury, in the absence of a waiver, findings are required upon all material issues presented by the pleadings and the evidence. If the court renders judgment without making such findings, the judgment must be reversed. (*Fairchild* v. *Raines,* 24 Cal.2d 818, 830 [151 P.2d 260]; *James* v. *Haley,* 212 Cal. 142, 147 [297 P. 920]; *Wilcox* v. *Sway,* 69 Cal.App.2d 560, 564 [160 P.2d 154]; *Bertrand* v. *Pacific Electric Ry. Co.,* 46 Cal.App.2d 7, 13 [115 P.2d 228].) Although an appellate court may properly make findings to support the judgment when 'no contrary conclusion from the evidence could reasonably be drawn' (*Tupman* v. *Haberkern,* 208 Cal. 256, 266, 267 [280 P. 970]; see Code Civ. Proc., § 956a; *Bertrand* v. *Pacific Electric Ry. Co., supra,* p. 12), the record now under review shows a substantial conflict in the testimony, requiring a finding or findings by the trier of fact."

■ In the instant case there was evidence upon which the trial court could have found that the plaintiff was negligent and that her negligence contributed to the accident and her resulting injuries. Since there was a conflict in the evidence on the issue of contributory negligence, it was and is the trial court's function to find the facts in accordance with the rule announced in *Severance* v. *Knight-Counihan Co., supra.* As was held in *Larson* v. *Thoresen,* 36 Cal.2d

666, 670 [226 P.2d 571], since section 956a of the Code of Civil Procedure was first construed and applied in *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970], the function of the trial court as the normal and primary finder of the facts has been uniformly recognized and it was never intended that the appellate court should perform those functions in the first instance.

In *Johndrow* v. *Thomas*, 31 Cal.2d 202, 207 [187 P.2d 681], the court exercised the power to amend findings to cure a "patent inadvertence-clerical error." In the instant case, on the record before us, we cannot hold as a matter of law that the trial court "inadvertently" failed to make proper findings on the issue of contributory negligence.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.