[Civ. No. 18667. Second Dist., Div. Three. Mar. 28, 1952.]

RUBEN CHACON et al., Respondents, v. LONNIE AUSTIN, Appellant.

George W. Downing, Jr., for Appellant.

Altagen, Rubin & Umann for Respondents.

VICKERS, J. pro tem.—In this action the surviving husband and the children of Ramona Chacon recovered a judgment for damages for her death which was found to have been caused by the negligence of defendant Lonnie Austin in the operation of his automobile. Deceased was struck in or near the east crosswalk of the intersection of Fickett Street, a north and south street, and East Fourth Street, an east and west street, in the city of Los Angeles. Defendant appeals.

Three grounds of appeal are urged for reversal of the judgment: (1) The evidence was insufficient to justify findings that the accident was the proximate result of defendant's negligence; (2) the evidence was insufficient to justify a finding that deceased died as a result of the accident; and (3) failure of the court to find upon material issues.

The following facts were disclosed by the evidence: Defendant testified that his car had been pushing another car traveling east on Fourth Street. He shoved the other car, disengaged it, and it went through the intersection. It was after dark and the lights of defendant's car were on. Defendant testified he was driving 15 or 18 miles an hour; he made a statement to a police officer that he was traveling 30 miles an hour. Deceased left the north curb of Fourth Street and started to cross the street in the easterly crosswalk. Defendant testified that he did not see her until she was within a foot or two of his car. When he saw her he turned sharply to the right and came into contact with another car which was on his right. He proceeded for a short distance when he stopped and came back to the scene of the accident. The left side of his car struck the deceased. She was knocked down and lay in about the middle of Fourth Street, some 29 feet easterly of the the curb line of Fickett Street. She was taken to the hospital in an ambulance, was confined there for some four and one-half months, and died without leaving the hospital. There was no evidence as to the nature of her injuries and no direct evidence as to the cause of death. The facts in evidence were some circumstantial evidence as to the cause of death.

It is necessary to consider only the third point raised by defendant, namely, the failure of the court to find on all

the material issues. Contributory negligence was sufficiently pleaded. The only finding with respect to the issue of liability reads as follows: "That it is true that the defendant, LONNIE AUSTIN, carelessly, recklessly, negligently and unlawfully operated his automobile so as to run into and against the body and person of said RAMONA CHACON, and that as a result of said reckless, careless and negligent operation of said automoible and the injuries sustained by said RAMONA CHACON, the said RAMONA CHACON did die on the 23rd day of May, 1949." This finding does not negative the existence of negligence on the part of deceased that proximately contributed to the happening of the accident. ■ The failure to find upon this issue requires a reversal of the judgment unless it can be said as a matter of law that if a finding had been made it would necessarily have been adverse to the defendant. ■ Defendant testified that when he first observed Mrs. Chacon she was running. The only evidence in favor of plaintiffs on this issue would have been the presumption that she was exercising ordinary care. This was to be weighed by the trial court against the evidence that she ran into the side of defendant's car. A case in point is *Hall* v. *Kaufman,* 30 Cal.App.2d 283 [86 P.2d 151]. Under facts strikingly similar to those of the present case it was held that the question of contributory negligence was one of fact and not of law and that the failure to find on the pleaded defense of contributory negligence requires a reversal of the judgment. (See, also, the case of *Lowe* v. *Pierce,* 76 Cal.App.2d 316 [172 P.2d 936].)

The judgment is reversed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.