[Civ. No. 18495. First Dist., Div. Two. Jan. 21, 1960.]

MARY E. NELSEN, Plaintiff and Appellant, v. JOHANNES
AXEL JENSEN et al., Defendants and Appellants.

Musick, Peeler & Garrett for Plaintiff and Appellant.

Appelbaum, Mitchell & Bennett for Defendants and Appellants.

DRAPER, J.—This case presents the odd situation of two appeals, one from each of two purportedly separate judgments entered in this single personal injury action. The action was commenced more than a year after the accident, and plaintiff pleaded an estoppel to assert the statute of limitations. On defendants' motion, the issue raised by this allegation and defendants' plea of the statute of limitations was separately tried (Code Civ. Proc., § 597), and jury verdict returned in favor of plaintiff. Despite the provision of section 597, judgment was entered in favor of plaintiff upon the issue of the statute of limitations. The action was then tried, before a jury, on the merits. At the close of plaintiff's case, motion for nonsuit was granted. Although the record on appeal contains no minute entry to that effect, the parties have stipulated that such minute order was made. Plaintiff appeals from the judgment of nonsuit, and defendants appeal from the purported judgment on the issue raised by the plea of the statute of limitations.

Plaintiff and her husband were guests in the house of defendants, her brother and sister-in-law. They occupied a bedroom at one end of an upstairs hall. The bathroom was at the opposite end of the hall, and at one side of the hallway was the head of the stairs leading down to the first floor. A rug, some 6 feet long by 32 inches wide, was on a rubber mat on the floor of the hall near the top of the stairs. At about 6 a. m. on the fourth day of the visit, plaintiff went from the bedroom to the bathroom. As she neared the bedroom door on her return, she fell some four steps down the stairs to a landing, sustaining serious injuries. Asked "what happened?" she testified "I don't know. Before I knew it I was downstairs." To the question "Did your legs go out from under you?" she answered "No. I don't think so. They never have before." A light was burning in the center of the hallway ceiling. Plaintiff's husband, when he went to her aid, noticed that some 6 inches of the hall rug hung over the top of the stair. Although defendants question the propriety of an inference that plaintiff fell because the rug slipped as she walked over it, we assume, for purposes of this opinion only, that the evidence would support such inference.

It is conceded that plaintiff was a "social guest," and that defendants therefore owed her only the duty owed to a gratuitous licensee.

As to active conduct of the landowner or possessor,

he owes to such a licensee the duty of ordinary care. (*Oettinger* v. *Stewart,* 24 Cal.2d 133, 138-139 [148 P.2d 19, 156 A.L.R. 1221].) Plaintiff does not and could not contend that her injury resulted from active conduct or operations of defendants on the premises. Rather, her claim of liability is based wholly on the condition of the premises. ■ In such situation, the usual statement of the California rule is that the landowner's duty is to refrain from willful or wanton injury. (*Oettinger* v. *Stewart, supra,* p. 138.) ■ It is sometimes said that, as concerns an alleged defective condition, the licensee must take the premises as he finds them. (*Palmquist* v. *Mercer,* 43 Cal.2d 92, 102 [272 P.2d 26].) It is apparent, and plaintiff concedes, that she is not entitled to recovery under this rule.

■ She argues, however, that even a licensee or trespasser may recover where injury "is occasioned by a trap or something in the nature of a concealed danger as to which the possessor of the premises has not given appropriate warning to the public." (35 Cal.Jur.2d 609, Negligence, § 100; *Blaylock* v. *Jensen,* 44 Cal.App.2d 850 [113 P.2d 256]; see also *Ashley* v. *Jones,* 126 Cal.App.2d 328, 332 [271 P.2d 918].) But she cites no authority giving a comprehensive definition of "trap." We have reviewed in detail the California decisions (principally arising under the form of the attractive nuisance doctrine formerly followed in this state) which hold a "trap" to exist. But none of these is even remotely applicable to the facts here.

However, a leading text writer has summarized the authorities generally by pointing out that, although the term "originally was used in the sense of presenting an appearance of safety where it did not exist, the significance which finally became attached to it was not one of intent to injure, or even of active conduct, but was merely that the possessor of land was under an obligation to disclose to the licensee any concealed dangerous conditions of the premises of which he had knowledge." (Prosser on Torts [2d ed.] 449.)

In the case at bar there is no evidence whatever to warrant any inference of knowledge or means of knowledge by defendants of any danger in the rug. There is no suggestion of any earlier accident or of any slipping of the rug. Defendants had used it often, and plaintiff and her husband had crossed it often in the three days they occupied their room. The rug was placed upon a rubber mat, itself a safety

precaution, and there is no showing that rug, mat, or floor was slippery or in any way defective.

There is no possible basis for finding the rug to be a "trap," under either the California cases or the rule stated by Dean Prosser. Nor would the rule of the Restatement (Rest. Torts, § 342) aid plaintiff, for under that rule the landowner is liable to a gratuitous licensee only if he knows of the condition and realizes that it involves an unreasonable risk.

On closely comparable facts, it has been held that nonsuit would be proper even if plaintiff had been an invitee, to whom defendants owed the duty of ordinary care. (*Ashley* v. *Jones, supra,* 126 Cal.App.2d 328.)

It is apparent upon the face of the code section under which the special defense was separately tried (Code Civ. Proc., § 597) that but one judgment is to be entered in the action. Since plaintiff prevailed on the special defense, no judgment thereon should have been entered, but any error in that proceeding could be reviewed on appeal from the final judgment on the merits. In any event, our affirmance of the judgment in favor of defendants on the merits renders moot their appeal from the purported judgment on the special defense.

Judgment of nonsuit affirmed. Defendants' appeal dismissed. Costs on appeal are awarded to defendants.

Kaufman, P. J., and Dooling, J., concurred.